Michael S. Hiller (MH 9871)
**HILLER, PC**
*Pro Bono Attorneys for Plaintiffs*
600 Madison Avenue
New York, New York 10022
(212) 319-4000

Joseph A. Bondy (JB 6887)
**LAW OFFICES OF JOSEPH A. BONDY**
*Pro Bono Attorneys for Plaintiffs*
1841 Broadway, Suite 910
New York, New York 10023

David C. Holland (DH 9718)
**LAW OFFICES OF DAVID CLIFFORD HOLLAND, P.C.**
Member, New York Cannabis Bar Association
*Pro Bono Attorneys for Plaintiffs*
Biltmore Plaza
155 East 29th Street | Suite 12G
New York, New York 10016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x

MARVIN WASHINGTON; DEAN : 
BORTELL, as Parent of Infant ALEXIS :
BORTELL; JOSE BELEN; SEBASTIEN :
COTTE, as Parent of Infant JAGGER :
COTTE; and CANNABIS CULTURAL :
ASSOCIATION, INC., :
                 :
                 Plaintiffs, :
                 :
     - against - :    17 Civ. 5625
                 :
JEFFERSON BEAUREGARD SESSIONS, :
III, in his official capacity as United States :
Attorney General; UNITED STATES :
DEPARTMENT OF JUSTICE; CHARLES :
 "CHUCK" ROSENBERG, in his official :
capacity as the Acting Director of the Drug :
Enforcement Administration; UNITED :
STATES DRUG ENFORCEMENT :
ADMINISTRATION; and the :
UNITED STATES OF AMERICA, :
                 :
                 Defendants. :

- - - - - - - - - - - - - - - - - - - - - - - - - x

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

FACTS ASSUMED TRUE FOR PURPOSES OF THIS MOTION . . . . . . . . . . . . . . . . . . . . 12

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

POINT I   THE AMENDED COMPLAINT SATISFIES THE
          PLAUSIBILITY STANDARD UNDER RULE 12(b)(6) . . . . . . . . . . . 29

POINT II  PLAINTIFFS' FIRST CAUSE OF ACTION STATES A CLAIM
          FOR VIOLATION OF SUBSTANTIVE DUE PROCESS . . . . . . . . . . 35

          A.   THE CASE LAW UPON WHICH DEFENDANTS RELY IS
               OUTDATED, RENDERING THE APPLICATION OF
               *STARE DECISIS* INAPPROPRIATE . . . . . . . . . . . . . . . . . . . . 37

          B.   THE CASE LAW UPON WHICH DEFENDANTS RELY,
               IN ADDITION TO BEING OUTDATED, IS ALSO
               INAPPLICABLE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

          C.   DEFENDANTS' ARGUMENT THAT CONGRESS IS
               EXEMPT FROM MAKING A FINDING THAT THE
               THREE SCHEDULE I REQUIREMENTS APPLY IS PURE
               BUNK . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

          D.   DEFENDANTS' ARGUMENT THAT *ANY* RATIONALE
               OFFERED IN SUPPORT OF THE CSA CAN INSULATE IT
               FROM CONSTITUTIONAL CHALLENGE SIMPLY HAS
               NO MERIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

POINT III PLAINTIFF CCA HAS STANDING AND STATES A CLAIM FOR
          VIOLATION OF EQUAL PROTECTION . . . . . . . . . . . . . . . . . . . 51

          A.   THE CCA HAS STANDING . . . . . . . . . . . . . . . . . . . . . . . . 52

               1.   Background of the CCA . . . . . . . . . . . . . . . . . . . . . . . 53

               2.   The CCA Meets the Requirements of Organizational
                    Standing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 54

i

B. THE SECOND CAUSE OF ACTION STATES A CLAIM
FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

    1. The Equal Protection Claim Articulates Allegations of
Intentional Discrimination Against African Americans
and Other Persons of Color . . . . . . . . . . . . . . . . . . . . . . 57

    2. The Allegations of the Second Cause of Action Are
Neither Conclusory Nor Threadbare . . . . . . . . . . . . . . . 59

    3. Defendants' Argument That the Nixon
Administration's Racial Animus is Irrelevant to the
Equal Protection Claim Fails to Consider the Role of
the Executive in the Modern-Day Presidency, and
Overlooks Particular Actions of Nixon Administration
Officials in Passing and Implementing the CSA . . . . . . . 60

POINT IV   THE SIXTH CAUSE OF ACTION STATES A CLAIM FOR
VIOLATION OF PLAINTIFFS' FUNDAMENTAL RIGHT TO
PRESERVE THEIR HEALTH AND LIVES AND THEIR RIGHTS
UNDER THE FIRST AMENDMENT . . . . . . . . . . . . . . . . . . . . . . . . 66

A. THE STANDARD OF REVIEW FOR PLAINTIFFS' SIXTH
CAUSE OF ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 66

B. THE CONSTITUTION PROTECTS THE INDIVIDUAL'S
RIGHT TO PERSONAL AUTONOMY – TO PRESERVE
HER HEALTH AND HER LIFE . . . . . . . . . . . . . . . . . . . . . . . . . 67

C. THE CSA, ALTHOUGH CONTENT-NEUTRAL,
INFRINGES UPON PLAINTIFFS' FUNDAMENTAL
RIGHT TO FREE SPEECH, AND IS THUS RENDERED
UNCONSTITUTIONAL UNDER APPLICABLE LEVELS
OF JUDICIAL SCRUTINY . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

    1. The Sixth Cause of Action States a Claim Under the
*O'Brien* Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73

    2. Defendants Cannot Meet the Requirements of the
*Ward* Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 77

    3. Defendants' Argument That No Free-Speech Rights
Are Implicated Herein Has No Merit . . . . . . . . . . . . . . . 79

        D.      DEFENDANTS CANNOT SUBJECT ALEXIS AND JOSE TO A HOBSON'S CHOICE OF RELINQUISHING ONE FUNDAMENTAL RIGHT IN ORDER TO EXERCISE ANOTHER ONE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 85

POINT V     PLAINTIFFS' THIRD CAUSE OF ACTION STATES A CLAIM FOR VIOLATION OF PLAINTIFFS' FUNDAMENTAL RIGHT TO TRAVEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

        A.      THE CLASSIFICATION OF CANNABIS AS A SCHEDULE I DRUG UNCONSTITUTIONALLY DENIES PLAINTIFFS OF THEIR FUNDAMENTAL RIGHT TO TRAVEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

        B.      THE CASE LAW CITED BY DEFENDANTS IS INAPPOSITE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 89

POINT VI    THE FEDERAL GOVERNMENT LACKS THE POWER TO ENACT AND ENFORCE THE CSA UNDER THE COMMERCE CLAUSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91

        A.      CONGRESSIONAL COMMERCE POWER TO REGULATE STATE-LEGAL CANNABIS ACTIVITY IS VOID UNDER THE DOCTRINE OF *DESUETUDE* . . . . . . . . 91

        B.      CONGRESS LACKS AUTHORITY UNDER THE COMMERCE CLAUSE TO ENACT LEGISLATION TO REGULATE INTRASTATE, NON-COMMERCIAL CANNABIS ACTIVITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 95

        C.      PLAINTIFFS' ACTIVITIES FALL OUTSIDE THE SCOPE OF THE COMMERCE CLAUSE . . . . . . . . . . . . . . . . . . . . . . 96

        D.      THE COURT SHOULD REJECT *GONZALEZ v. RAICH* AS BAD LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

POINT VII   PLAINTIFFS' AMENDED COMPLAINT COMPLIES WITH RULE 8(a)(2) AND SHOULD NOT BE DISMISSED . . . . . . . . . . . . . . . . . 101

POINT VIII  DEFENDANTS' RULE 12(B)(1) ARGUMENT FAILS AS A MATTER OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 103

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 109

## TABLE OF AUTHORITIES

**Cases**                                                                  **Pages**

*Abigail Alliance for Better Access to Dev't. Drugs v. Von Eschenbach,*
495 F.3d 695(D.C. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

*Allen v. Cty. of Lake,*
2015 U.S. Dist. LEXIS 12091 (N.D. Cal. Feb. 2, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

*Allied Stores of Ohio, Inc. v. Bowers,*
358 U.S. 522 (1959) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

*Alternative Cmty. Health Care Coop., Inc. v. Holder*
2012 U.S. Dist. LEXIS 28878 (S.D. Cal. Mar. 5, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . 105

*Amguard Ins. Co. v. Getty Realty Corp.,*
147 F. Supp. 3d 212 (S.D.N.Y. Nov. 20, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Anthony v. Franklin County,*
799 F.2d 681 (11th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

Arcara v. Cloud Books, Inc.
478 U.S. 697 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 81

*Arista Records LLC v. Doe,*
604 F.3d 110 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30, 31

*Atherton v. FDIC,*
519 U.S. 213 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

*Barnhart v. Sigmon Coal Co.,*
534 U.S. 438 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29, 30, 31, 34

*Bery v. City of New York,*
97 F.3d 689 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

*Bison Capital Corp. v. ATP Oil & Gas Corp.*,
2010 U.S. Dist. LEXIS 62836 (S.D.N.Y. June 24, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Bizzarro v. Miranda*,
394 F.3d 82 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

*Borden's Farm Products Co. v. Baldwin*,
293 U.S. 194 (1934) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

*Boyce Motor Lines, Inc. v. United States*,
342 U.S. 337 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

*Brown v. City of Jacksonville*,
2006 U.S. Dist. LEXIS 8162 (M.D. Fla. Feb. 17, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 68, 83

*Brown v. Hovatter*,
516 F. Supp. 2d 547 (D. Md. 2007),
*aff'd. in part and rev'd. in part on other grounds*,
561 F.3d 357 (4th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

*Brown v. United States*,
256 U.S. 335 (1921) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

*Buckley v. Valeo*,
424 U.S. 1 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

*Burstyn v. Wilson*,
343 U.S. 495 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

*Caldwell v. Crossett*,
2010 U.S. Dist. LEXIS 56573 (S.D.N.Y. May 24, 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . 30, 31

*Carter v. McGinnis*,
351 F. Supp. 787 (W.D.N.Y. Nov. 21, 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 86

*Chapman v. N.Y. State Div. for Youth*,
546 F.3d 230 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Chastleton Corporation v. Sinclair*,
264 U.S. 543 (1924) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

*City of New Orleans v. Dukes*,
427 U.S. 297 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

*Cohen v. California,*
403 U.S. 15 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 73, 74

*Colautti v. Franklin,*
439 U.S. 379 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

*Conway Import Co. v. United States,*
311 F. Supp. 5 (E.D.N.Y. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

*Cousins v. Terry,*
721 F. Supp. 426 (N.D.N.Y. Sep. 22, 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88

*Cramer v. Skinner,*
931 F.2d 1020 (5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91

*Crandall v. Nevada,*
73 U.S. 35 (1868) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88, 89

*Cruzan v. Missouri,*
497 U.S. 261 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69, 72

*Cyr v. Addison Rutland Supervisory Union,*
60 F. Supp. 3d 536 (D. Vt. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68, 78, 83, 84

*Doe v. Bolton,*
410 U.S. 179 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70, 72

*Doe v. Salvation Army in the United States,*
685 F.3d 564 (6th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

*Doran v. N.Y. State Dep't of Health Office of the Medicaid Inspector Gen.,*
2017 U.S. Dist. LEXIS 29727 (S.D.N.Y. Mar. 2, 2017) . . . . . . . . . . . . . . . . . . . . . . . 103, 104

*Dias v. City & County of Denver,*
567 F.3d 1169 (10th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37, 40, 41

*Dunn v. Blumstein,*
405 U.S. 330 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88

*E. Conn. Citizens Action Grp. v. Powers,*
723 F.2d 1050 (2d Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

*East-Bibb Twiggs Neighborhood Ass'n v.*
*Macon-Bibb Planning & Zoning Comm'n,*
662 F. Supp. 1465 (M.D. Ga. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

*Edelman v. Jordan,*
415 U.S. 651 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88

*Edwards v. California,*
314 U.S. 160 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88, 90

*England v. Louisiana State Board of Medical Examiners,*
259 F.2d 626 (5th Cir. 1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  70

*Flying J Inc. v. City of New Haven,*
549 F.3d 538 (7th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

*Fortress Bible Church v. Feiner,*
694 F.3d 208 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

*Fountain v. Karim,*
838 F.3d 129 (2d Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

*Gallien v. P&G Pharms.,*
2010 U.S. Dist. LEXIS 21051 (Mar. 4, 2010) . . . . . . . . . . . . . . . . . . . . . . .  30, 31, 34

*Gately v. Massachusetts,*
2 F.3d 1221 (1st Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  37

*Gibbons v. Ogden,*
22 U.S. 1 (1824) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 102

*Gibson v. Berryhill,*
411 U.S. 564 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Giglio v. Dunn,*
732 F.2d 1133 (2d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  108

*Gillibeau v. Richmond,*
417 F.2d 426 (9th Cir. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 103

*Gobeille v. Liberty Mut. Ins. Co.,*
136 S. Ct. 936 (2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  99

*Gonzales v. Carhart,*
550 U.S. 124 (2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  50

*Gonzalez v. Raich,*
545 U.S. 1 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Grider v. City & Cty. of Denver,*
No. 10 Civ. 722,
2012 WL 1079466 (D. Colo. Mar. 30, 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91

*Gulf Caribe Mar. v. Mobile County Revenue Comm'r,*
802 So. 2d 248 (Ala. Civ. App. Ct. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 94

*Halebian v. Berv,*
644 F.3d 122 (2d Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

*Hannemann v. S. Door Cty. Sch. Dist.,*
673 F.3d 746 (7th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 89, 91

*Hayden v. Paterson,*
594 F.3d 150 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   58

*Hodgkins v. Peterson*
355 F.3d 1048 (7th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Hope for Families & Cmty. Serv. v. Warren,*
2008 U.S. Dist. LEXIS 17107 (M.D. Ala. Mar. 5, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

*Huminski v. Corsones,*
396 F.3d 53 (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Hunt v. Wash. State Apple Adver. Comm'n,*
432 U.S. 333 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

*Ill. League of Advocates for the Developmentally, Disabled v. Quinn,*
2013 U.S. Dist. LEXIS 145246 (N.D. Ill. Oct. 3, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . .   37

*Imbruce v. Am. Arbitration Ass'n,*
2016 U.S. Dist. LEXIS 130579 (S.D.N.Y. Sep. 22, 2016) . . . . . . . . . . . . . . . . . . . . . 30, 31, 34

*In re DES Cases,*
789 F. Supp. 552 (E.D.N.Y. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

*Jankowski-Burczyk v. Immigration and Naturalization Service,*
291 F.3d 172 (2d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   47

*Jeno's, Inc. v. Comm'r of Patents & Trademarks,*
1985 U.S. Dist. LEXIS 20097 (D. Minn. May 6, 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . .   37

*John v. Whole Foods Mkt. Grp., Inc.,*
858 F.3d 732 (2d Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   53

*Kadonsky v. Lee*,
Dkt. No. A-3324-14T4 (App. Div. Oct. 31, 2017) ............................ 32, 42

*Kalderon v. Finkelstein*,
495 Fed. Appx. 103 (2d Cir. 2012) ...................................... 105

*Knapp v. Hanson*,
183 F.3d 786 (8th Cir. 1999) ........................................... 47

*Kohn v. Davis*,
320 F. Supp. 246 (D. Ver. Oct. 26, 1970) ................................. 88

*Komlosi v. N.Y. State Office of Mental Retardation & Dev. Disabilities*,
1990 U.S. Dist. LEXIS 2659 (S.D.N.Y. Mar. 12, 1990) ................... 103, 104

*Kosak v. United States*,
465 U.S. 848 (1984) ................................................. 63, 66

*Krumm v. Holder*,
2009 U.S. Dist. LEXIS 52748 (D.N.M. May 27, 2009) ...................... 105

*Lawrence v. Texas*,
539 U.S. 558 (1995) ................................................... 50

*Leaphart v. Prison Health Servs.*,
2010 U.S. Dist. LEXIS 135435 (M.D. Pa. Nov. 22, 2010) .................... 69

*Leary v. United States*,
395 U.S. 6 (1969) ..................................................... 14

*Leebaert v. Harrington*,
332 F.3d 134 (2d Cir. 2003) ............................................ 68

*Liverman v. Comm. on the Judiciary*,
*United States House of Representatives*,
51 Fed. Appx. 825 (10th Cir. Oct. 23, 2002) .............................. 83

*Lowery v. Carter*,
No. 07 Civ. 7684 (SCR),
2010 WL 4449370 (S.D.N.Y. Oct. 21, 2010) ........................... 89, 91

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992) ................................................... 53

*Marino v. New York,*
629 F. Supp. 912 (E.D.N.Y. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83

*Mathews v. Diaz,*
426 U.S. 67 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 106, 107, 109

*McCarthy v. Madigan,*
503 U.S. 140 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*McCullen v. Coakley,*
134 S. Ct. 2518 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74, 79, 80

*McDonough v. Smith,*
2016 U.S. Dist. LEXIS 135380 (N.D.N.Y. Sep. 30, 2016) . . . . . . . . . . . . . . . . . . . . . 103, 104

*McNeese v. Board of Education,*
373 U.S. 668 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 107

*Memorial Hospital v. Maricopa County,*
415 U.S. 250 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88

*Metcalf v. Zoullas,*
2012 U.S. Dist. LEXIS 6254 (S.D.N.Y. Jan. 19, 2012) . . . . . . . . . . . . . . . . . . . . . . . . 30, 34

*Metromedia, Inc. v. City of San Diego,*
453 U.S. 490 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

*Miller v. Reed,*
176 F.3d 1202 (9th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91

*Milnot Co. v. Richardson*
350 F. Supp. 221 (S.D. Ill. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

*Minn. State Bd. for Cmty. Colleges v. Knight,*
465 U.S. 271 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 83

*Minneapolis Star & Tribune Co. v. Minn. Comm'r of Revenue,*
460 U.S. 575 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 81

*Mixon v. State of Ohio,*
193 F.3d 389 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

*Montana v. Egelhoff,*
518 U.S. 37 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

*Moore v. City of E. Cleveland,*
431 U.S. 494 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

*Mouse's Case,*
12 Co. Rep. 63 (K.B. 1609) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  71

*Murphy v. Lynn,*
118 F.3d 938 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  88

*Nat'l. Org. for Reform of Marijuana Laws v. Bell,*
488 F. Supp, 123 (D.D.C. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

*Natanson v. Kline,*
186 Kan. 393 (Kan. 1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

*New York State NOW v. Terry,*
886 F.2d 1339 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88

*New York State NOW v. Terry,*
704 F. Supp. 1247 (S.D.N.Y. Jan 18, 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88

*N.Y. State Rifle & Pistol Ass'n v. City of New York,*
86 F. Supp. 3d 249 (S.D.N.Y. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91

*Olsen v. Holder,*
610 F. Supp. 2d 985 (S.D. Iowa Apr. 27, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  105

*Palko v. Connecticut,*
302 U.S. 319 (1937) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

*Parham v. J.R.,*
442 U.S. 584 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

*Pers. Adm'r of Mass. v. Feeney,*
442 U.S. 256 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 58

*Planned Parenthood v. Casey,*
505 U.S. 833 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

*Planned Parenthood of Central Mo. v. Danforth,*
428 U.S. 52 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

*Ploof v. Putnam,*
81 Vt. 471 (1908) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71

*Pollack v. Duff,*
793 F.3d 34 (D.C. Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91

*Quill v. Vacco,*
80 F.3d 716 (2d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93

*R.S. v. Bedford Cent. Sch. Dist.,*
2011 U.S. Dist. LEXIS 41573 (S.D.N.Y. Mar. 17, 2011) . . . . . . . . . . . . . . . . . . . . . . . 107, 109

*Reed v. Town of Gilbert,*
135 S. Ct. 2218 (2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

*Reilly v. Noel,*
384 F. Supp. 741 (D.R.I. 1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82

*Reno v. ACLU,*
521 U.S. 844 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 52

*Resolution Trust Corp. v. Cityfed Fin. Corp.,*
57 F.3d 1231 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

*Ricciotti v. Warwick School Committee,*
319 F. Supp. 1006 (D.R.I. Nov. 6, 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 107, 108, 110

*Riley v. Nat'l Fed'n of Blind*
487 U.S. 781 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 84

*Roe v. Wade,*
410 U.S. 113 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71, 72

*Rojas v. AG of the United States,*
728 F.3d 203 (3d Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 49

*Romer v. Evans,*
517 U.S. 620 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

*Saenz v. Roe,*
526 U.S. 489 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88, 90

*Salahuddin v. Cuomo,*
861 F.2d 40 (2d Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 105

*Schaeffler Grp. USA, Inc. v. United States,*
786 F.3d 1354 (Fed. Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35, 48

*Scheuer v. Rhodes,*
416 U.S. 232 (1974) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30, 31

*Schiller v. Duthie,*
2017 U.S. Dist. LEXIS 137937 (S.D.N.Y. Aug. 28, 2017) . . . . . . . . . . . . . . . . . . . . . . . 103, 104

*Schuh v. HCA Holdings, Inc.,*
947 F. Supp. 2d 882 (M.D. Tenn. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

*Shapiro v. Goldman,*
2017 U.S. App. LEXIS 16163 (2d Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88, 105

*Shapiro v. Thompson,*
394 U.S. 618 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88

*Simmons v. United States,*
390 U.S. 377 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 87

*Smith v. Illinois Bell Telephone Co.,*
270 U.S. 587 (1926) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 106

*Sorrell v. IMS Health Inc.,*
564 U.S. 552 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 82

*Stenberg v. Carhart,*
530 U.S. 914 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 71, 72

*Terminiello v. Chicago,*
337 U.S. 1 (1949) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

*Texas v. Johnson,*
491 U.S. 397 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74

*Thomas v. Trump,*
2017 U.S. Dist. LEXIS 22278 (W.D.N.C. Feb. 16, 2017) . . . . . . . . . . . . . . . . . . . . . . . . 105

*Thornburgh v. American College of*
*Obstetricians and Gynecologists,*
476 U.S. 747 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

*Torraco v. Port Auth. of N.Y. & N.J.,*
615 F.3d 129 (2d Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91

*Town of Southold v. Town of E. Hampton,*
477 F.3d 38 (2d Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 91

xiii

*United States v. Burton*,
894 F.2d 188 (6th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40, 105

*United States v. Carolene Products Co.*,
304 U.S. 144 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   41

*United States v. Daniel*,
813 F.2d 661 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

*United States v. Elliott*,
266 F. Supp. 318 (S.D.N.Y. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93, 94

*United States v. Fogarty*,
692 F.2d 542 (8th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

*United States v. Gordon*,
580 F.2d 827 (5th Cir),
*cert. denied*, 439 U.S. 1051 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

*United States v. Green*,
222 F. Supp. 3d 267 (W.D.N.Y. Dec. 7, 2016) . . . . . . . . . . . . . . . . . . . . . . . . 40

*United States v. Greene*,
892 F.2d 453 (6th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

*United States v. Guest*,
383 U.S. 745 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88, 90

*United States v. Guzman*,
591 F.3d 83 (2d. Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 97

*United States v. Heying*,
2014 WL 5286153 (D. Minn. Aug. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . 61, 65

*United States v. Hill*,
2017 U.S. App. LEXIS 15678 (4th Cir. Aug. 18, 2017) . . . . . . . . . . . . . . . . . . 43

*United States v. Kane*,
691 F. Supp. 341 (N.D. Ga. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   65

*United States v. Kiffer*,
477 F.2d 349 (2d Cir. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*United States v. Lopez*,
514 U.S. 549 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*United States v. Lott,*
912 F. Supp. 2d 146 (Dist. Vt. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 98

*United States v. McIntosh,*
833 F.3d 1163 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 95

*United States v. McIntosh,*
2017 U.S. Dist. LEXIS 39920 (N.D. Ca. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 95

*United States v. Morrison,*
529 U.S. 598 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 97, 98, 99

*United States v. Morrison,*
596 F. Supp. 661(E.D.N.Y. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 93, 99

*United States v. O'Brien,*
391 U.S. 367 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74, 75, 76, 78

*United States v. Oakland Cannabis Buyers' Coop.,*
532 U.S. 483 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 46, 52, 91

*United States v. Pickard,*
100 F. Supp. 3d 981 (C.D. Ca. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46, 47

*United States v. Rue,*
2015 U.S. Dist. LEXIS 110850 (S.D. Tex. July 29, 2017) . . . . . . . . . . . . . . . . . . . . . . . . 43

*United States v. Strake,*
800 F.3d 570 (D.C. Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

*United States v. Stein,*
495 F. Supp. 2d 390 (S.D.N.Y. July 16, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 68

*United States v. Story,*
891 F.2d 988 (2d Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63, 66

*United States v. Suquet,*
551 F. Supp. 1194 (N.D. Ill. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 105

*United States v. Vaid,*
2017 U.S. Dist. LEXIS 143495 (S.D.N.Y. Sep. 5, 2017) . . . . . . . . . . . . . . . . . . . . . . . . 43

*United States v. Womack,*
654 F.2d 1034 (5th Cir. 1981),
*cert. denied,* 454 U.S. 1156 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 65

*United States Dep't of Agric. v. Moreno,*
413 U.S. 528 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

*Upper Hudson Planned Parenthood, Inc., v. Doe,*
1991 U.S. Dist. Lexis 13063 (N.D.N.Y. Sep. 12, 1991) . . . . . . . . . . . . . . . . . . . . . . . . . 88

*Vasquez v. Hous. Auth.,*
271 F.3d 198 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 74, 81

*Vitek v. Jones,*
445 U.S. 480 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

*Walker v. Southern R. Co.,*
385 U.S. 196 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 106, 107, 110

*Welch v. United States,*
2017 U.S. Dist. LEXIS 139771 (W.D. Vir. Aug. 30, 2017) . . . . . . . . . . . . . . . . . . . . . . 105

*Western International Hotels v. Tahoe Regional Planning Agency,*
387 F. Supp. 429, 434, *vac'd in part, on other grounds, sub. nom.*
*Jacobson v. Tahoe Regional Planning Agency,*
566 F.2d 1353 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 106, 107, 108, 109

*Wickard v. Filburn*
317 U.S. 111 (1942) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 101, 102

*Williams v. Town of Greenburgh,*
535 F.3d 71 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 89, 91

*Wroblewski v. City of Washburn,*
965 F.2d 452 (7th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

*Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi,*
215 F.3d 247 (2d Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 53

*Zwickler v. Koota,*
290 F. Supp. 244 (E.D.N.Y. 1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 94

## Other Authorities

2016 Rescheduling Denial,
81 Fed. Reg. 53 (Aug. 12, 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

**Regulations**

21 C.F.R. § 312.34(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**Rules and Statutes**

18 U.S.C. §1956 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

21 U.S.C. §801(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

21 U.S.C. §812 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. §812(b)(1)(A)-(C) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

21 U.S.C. §812(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79, 89, 92

21 U.S.C. §843(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

35 U.S.C. §101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

*The Controlled Substances Act,*
Pub. L. No. 91-513, 84 Stat. 1249 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 79, 89, 92

*Patient Protection and Affordable Care Act,*
Pub. L. 111-148, 124 Stat. 119 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

Fed. R. Civ. P. 8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

Fed. R. Civ. P. 8(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 102, 103, 104, 105

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 105

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

Fed. R. Civ. P. 12(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

**United States Constitution**

U.S. Const. amend. I . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 72

U.S. Const. amend. V . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

U.S. Const. amend. XIV, §1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 57

U.S. Const. amend. XXVI . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 76

U.S. Const., Art. I, §8  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 100

U.S. Const., Art. I, §9  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 100

U.S. Const., Art. II, §3  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 60

## Legislative History

Comprehensive Drug Abuse Prevention and Control Act of 1970,
H.R. Rep. 91-1444, 91st Cong. (2d Sess. 1970)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

## Secondary Sources

*American Universities Offering Cannabis Classes This Fall*,
Forbes (Sept. 2, 2017)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

B. Jessie Hill, *The Constitutional Right to Make Medical Treatment Decisions: A Tale of Two Doctrines*,
86 TEX. L. REV. 277, 291 (2006)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

Carol Hardy Vincent, Laura A. Hanson, and Carla N. Arguet,
FEDERAL LAND OWNERSHIP: OVERVIEW AND DATA,
CRS REPORT (Mar. 3 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88

Comparison of Bills to Regulate Controlled Dangerous Substances
and to Amend the Narcotic and Drug Laws,
Staff of H. Comm. Ways and Means (Aug. 8, 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

Curtis A. Bradley and Eric A. Posner,
*Presidential Signing Statements and Executive Power*,
23 CONST. COMMENT. 307, 362 (2006)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

Note, *Desuetude*, 119 Harv. L. Rev. 2209 (2006)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 92

Douglas Kmiec, *Gonzalez v. Raich: Wickard v. Filburn, Displaced*,
CATO SUP. CT. REV., 2004-2005 71 (Mark K. Muller Ed., 2005) . . . . . . . . . . . . . . . . . . . . . 101

*Drug Abuse Control Amendment–1970*:
Hearings on H.R. 11701 and H.R. 13743 Before the Subcomm.
on Public Health and Welfare of the H. Comm.
on Interstate and Foreign Commerce,
91st Cong. 80 (2d Sess. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 63

George C. Christie,
"The Defense of Necessity Considered from the Legal and Moral Points of View,"
48 DUKE L.J. 975 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

Hans W. Baade, *"Original Intent" in Historical Perspective:*
*Some Critical Glosses,*
69 TEX. L. REV. 1001 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

Ilya Somin, *Gonzales v. Raich*:
*Federalism as a Casualty of the War on Drugs,*
Cornell Journal of Law and Public Policy, Vol. 15, No. 3 (2006) . . . . . . . . . . . . . . . . . . . . . . . . 94

Street Authority, *Invest In Marijuana Stocks?*, NASDAQ (Jan. 18, 2016) . . . . . . . . . . . . . . . . . 24

J. Richard Broughton,
*The Inaugural Address as Constitutional Statesmanship,*
28 QUINNIPIAC L. REV. 265 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

JAMES L. SUNDQUIST,
THE DECLINE AND RESURGENCE OF CONGRESS 33
(Brookings Inst. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

Joseph Misulonas, *These Charts Show the Evolution of*
*America's Marijuana Laws Over Time,* CIVILIZED (Aug. 31, 2017) . . . . . . . . . . . . . . . . . . . . . . 24

Kathleen Burke, *These parents are fighting to give*
*pot to their kids,* MARKET WATCH (Dec. 8, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 88

Matt Thompson, *The Mysterious History Of 'Marijuana',*
NPR (July 22, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Michael A. Fitts, *The Paradox of Power in the Modern State:*
*Why A Unitary, Centralized Presidency May Not Exhibit*
*Effective or Legitimate Leadership,*
144 U. PA. L. REV. 827 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

Ronald Reagan, *President's Message to the Congress Transmitting*
*Proposed Legislation to Combat International Terrorism,*
PUB. PAPERS, 3-4 (Apr. 26, 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

Robert McNamara, *U.S. v. Windsor: Rational Basis Review*
*Should Not Preclude Unconstitutionality,*
JURIST (Apr. 2, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 50

RESTATEMENT OF TORTS § 197 (1934) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 70

Samuel Adams, *The Rights of the Colonists:*
*Report of the Committee of Correspondence to the Boston  Town Meeting,*
7 Old South Leaflets 417 (No. 173) (B. Franklin) (1772) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

Sean Cockerham, *Pot's legal in California.*
*So why are people still getting busted in Yosemite?,*
THE SACRAMENTO BEE (Jan. 9, 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 87, 88

Richard Nixon, *Special Message to the Congress on Control of*
*Narcotics and Dangerous Drugs,* July 14, 1969
PUB PAPERS 513 (1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63

Steven A. Ramirez, *The Chaos of 12 U.S.C. Section 1821(k):*
*Congressional Subsidizing of Negligent Bank Directors and Officers?,*
65 FORDHAM L. REV. 625 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 62

The Associated Press, *Marijuana busts on federal lands*
*highlight challenges for pot-friendly states,*
N.Y. DAILY NEWS (Sep. 16, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 87, 88

The Federalist No. 45 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 100

U.S. Department of Justice, Statement of U.S. Att'y Gen. John N. Mitchell Before the Subcomm.
on Juvenile Delinquency of the S. Comm. on the Judiciary on S. 2637, "Controlled Dangerous
Substances Act of 1969" at 1 (Sept. 15, 1969) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 63, 64

Vasan Kesavan & J. Gregory Sidak, *The Legislator-in-Chief,*
44 WM. & MARY L. REV. 1 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 61

William Blackstone, 1 *Commentaries* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 69

*Who builds and maintains roads, airports and transit systems in the U.S.?*
ARTBA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 87

## PRELIMINARY STATEMENT

In purported support of their motion to dismiss, defendants have crafted a neatly-appointed, 55-page legal brief ("Moving Brief") in which they disregard the facts, ignore the evidence referenced in the Amended Complaint, mis-characterize the claims set forth therein, and mis-state the law governing their disposition. Because they cannot fairly argue the facts or the law, defendants attempt to make the Amended Complaint into something it's not – a regurgitation of prior claims, made by different litigants, who relied upon arguments and claims Plaintiffs herein do not make, under different circumstances, in many instances more than 20 years ago. From this faulty premise, defendants proceed to cite a series of prior decisions which have little and, in most instances, no similarity to the facts and claims at bar, and then pile on an avalanche of inapplicable case law (which defendants regularly and regrettably mis-characterize) to create the appearance that this entire lawsuit is simply a retread of prior litigations in which the Federal Government has always prevailed. As demonstrated below, defendants' tactics have no place in this litigation.

Worse, the Moving Brief makes plain that the Federal Government continues to maintain the absurd fiction that there exists a raging scientific debate over the medical efficacy and safety of Cannabis, and that, on that basis, defendants are within their rights to continue enforcing the Controlled Substances Act ("CSA") against anyone who were to violate it because deference afforded congressional enactments purportedly immunizes absurd legislation from substantive due process challenges. Defendants ignore the repeated pronouncements by the Federal Government acknowledging that two of the three threshold requirements for classification of Cannabis as a Schedule I drug under the CSA ("Three Schedule I Requirements") can never be met.

The Three Schedule I Requirements under the CSA are that the drug (in this case, Cannabis): (1) has a high potential for abuse; (2) has no medical use; and (3) cannot be tested, even under strict

medical supervision.   21 U.S.C. §812; *see also* Amended Complaint ¶255.[1]   Yet, authorized

representatives of the Federal Government have repeatedly *admitted* that Cannabis does constitute

a safe and medically-effective therapeutic drug for the treatment of disease.   Indeed, just a few

months ago, the White House Press Secretary announced that President Trump agrees that medical

Cannabis is medically-effective and thus should be made available to patients.[2]   Members of

Congress have concurred, acknowledging that designating Cannabis a Schedule I drug simply makes

no sense.[3]

Defendants also completely disregard the assortment of medical Cannabis programs instituted

by the Federal Government which are based upon its clear recognition that medical Cannabis is safe

and effective.   To be clear – this is not a lawsuit designed merely to persuade the Court that scientific

advancement has changed the manner in which the medical profession regards Cannabis; that would

be akin to filing a lawsuit to convince the Court that aspirin can be used for the treatment of

headaches.[4]   Instead, as shown below, this is a lawsuit, *inter alia*, to establish that, through the

passage of time, we have been able to uncover evidence (which defendants largely ignore) that the

Federal Government has known for decades that Cannabis constitutes a safe and therapeutic

treatment for disease, and, as such, its classification as a Schedule I drug cannot be regarded as

rational.   In addition, we offer evidence (which defendants also largely ignore) that the CSA was

---

[1]Hereinafter, the Amended Complaint shall be cited as "AC ¶_."

[2]http://www.newsweek.com/jeff-sessions-sued-marijuana-policy-12-year-old-girl-708951.   *See* accompanying Video with Sean Spicer (at .6-.22 seconds).

[3]https://www.youtube.com/watch?v=v_1VcPt-8y8.

[4]Indeed, medical schools are now offering Cannabis classes to students.   *See, e.g., American Universities Offering Cannabis Classes This Fall*, Forbes (Sept. 2, 2017). https://www.forbes.com/sites/julieweed/2017/09/02/physicians-and-budtenders-taking-cannabis-classes-this-fall/#2b9af3354429.

enacted with substantial participation by, and at the urging of, the Nixon Administration, to oppress racial minorities and suppress the First Amendment rights of political protestors.

Defendants' efforts to mis-characterize this lawsuit and belittle the issues raised by it adds insult to the injuries inflicted upon millions of Americans every day, as they struggle to treat their medical conditions without access to the drug that the Federal Government's medical establishment knows will offer them a cure and/or other relief.  For these and the reasons set forth below, defendants' motion to dismiss must be denied.

## SUMMARY OF ARGUMENT

*First*, although referencing part of the legal standard by which motions to dismiss are to be considered, defendants promptly ignore it. They purport to distill Plaintiffs' entire 97-page Amended Complaint into a single paragraph (Moving Br. 7), blandly characterizing Plaintiffs as "four individuals and a nonprofit corporation who have varying interests in the use of marijuana" (*Id.*). In that connection, defendants characterize Alexis Bortell ("Alexis") merely as "a child who suffers from a medical condition that she treats by using medical marijuana" (*id.*) – as if she were casually using Cannabis to cure something as innocuous as a cold.  In fact, Alexis is a 12-year old girl who has medically-resistant intractable epilepsy which, for years, caused her to suffer multiple seizures per day, threatening her very life – until she began treating with medical Cannabis, which is the only medicine that stops her seizures (AC ¶49).  Alexis's doctor has already submitted uncontested evidence herein that this seizure activity was threatening to kill her (Dkt. No. 26, ¶11).  For defendants to suggest, notwithstanding the above allegations, that Alexis merely treats with Cannabis, without acknowledging its central importance to the preservation of her health and life is to deny the very factual basis upon which many of her claims are based.  And this is but one representative example of the facts which defendants purport to assume true, but which they simply

disregard.

Other critical facts that defendants ignore are that the Federal Government has known for decades that Cannabis constitutes a safe and effective medical treatment for illness and disease and that the CSA was enacted as a pretext to harm political and racial minorities; however, again, defendants respond as if these allegations were _not_ true, violating the very standard they purport to apply.  Assuming facts to be true for purposes of a motion to dismiss requires that defendants actually acknowledge those facts.  Under the well-established standard announced by the Supreme Court, Plaintiffs' claims state causes of action and are not subject to dismissal (Point I).[5]

_Second_, defendants argue that Plaintiffs' First Cause of Action (violation of substantive due process) purportedly fails because, according to opposing counsel, the very enactment of the CSA supposedly satisfies rationality review.  The lynchpin of defendants' argument is premised principally upon a mis-characterization of the CSA and the case law interpreting it.  In particular, defendants argue that, under the CSA, the necessity to ensure that the Three Schedule I Requirements have been met applies only to actions of the Attorney General – not Congress (Moving Br. 4).  According to opposing counsel, Congress can designate a substance a Schedule I drug without a showing that, _inter alia_, the drug has no medical use and is too dangerous to test (_Id._).  From this false premise, defendants seek to avoid the overwhelming weight of evidence that the Federal Government _knows_ that Cannabis _does_ constitute a safe and therapeutic treatment of disease which, under the CSA, necessarily disqualifies the classification of Cannabis as a Schedule I drug; in essence, defendants contend that, because Congress is supposedly excused from ensuring that the

---

[5]The Amended Complaint is annexed to the Declaration of Michael S. Hiller.  For the Court's convenience, the exhibits that were annexed to the Amended Complaint upon filing have, instead, been separately attached to the Hiller Declaration and numbered consecutively, as they appear in the Amended Complaint.

Three Schedule I Requirements are present, its classification can never be questioned, irrespective of the evidence which reflects that at least two of the Three Schedule I Requirements (lack of medical efficacy and an inability to test it even under strict medical supervision) cannot be rationally met.   Defendants are wrong.   The text of the CSA makes clear that the Three Schedule I Requirements are not relaxed for Congress.  Furthermore, the case law upon which defendants rely in support of their meritless argument – *United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483 (2001) – does not support defendants' interpretation either.  Because the Federal Government has repeatedly acknowledged over the years that Cannabis cannot rationally meet at least two of the Three Schedule I Requirements, the CSA does not satisfy even rational-relation review.

In a further effort to avoid the evidence of the CSA's irrationality, defendants mis-characterize the claims comprising the Amended Complaint and the principles of law governing their disposition.  Principal among defendants' mis-characterizations is the suggestion that Plaintiffs commenced this action to engage in a policy debate over the medical efficacy and safety of Cannabis. There is no such debate.  As referenced above and demonstrated in detail below, the Federal Government has already acknowledged *repeatedly* that Cannabis constitutes a medically-efficacious and safe drug for the treatment of disease.  And since the Federal Government has repeatedly acknowledged that Cannabis has an accepted medical purpose and is safe, its classification as a Schedule I drug cannot rationally meet the Three Schedule I Requirements.  To sidestep this obvious point, defendants, rather than addressing their admissions, simply ignore them.  Thus, defendants fail to address that, *inter alia*: (i) the United States Surgeon General, America's chief medical officer, announced publicly that Cannabis constitutes a safe medicine for the treatment of disease (AC ¶¶336-37); (ii) the Federal Government obtained U.S. and International Patents, the applications for which contain representations and affirmations from the Federal Government that Cannabis

constitutes, *inter alia*, an effective treatment of auto-immune diseases, Alzheimer's, HIV-Induced Dementia and Parkinson's Disease (*Id.* ¶¶315-320, *citing* Ex. 6 thereto);[6] (iii) the Federal Government has entered into agreements, licensing its patented medical Cannabis formula for profit to third parties, allowing defendants to exploit Cannabis economically across the world, while depriving Americans of lifesaving cures here at home (*Id.* ¶¶8, 392); and (iv) the Federal Government, for the last approximately 40 years, has been providing Cannabis to patients for the treatment of their diseases and other medical conditions, as part of the IND Program (*Id.* ¶¶259-79). In all, we identify 21 sources of evidence, confirming that the Federal Government *knows* that Cannabis constitutes a safe and therapeutic treatment for disease – all of which such evidence defendants ignore in their motion.  Because it is plausible and thus must be assumed true for purposes of this motion that the Federal Government *knows* that Cannabis constitutes a safe and therapeutic treatment for disease and thus cannot rationally meet the Three Schedule I Requirements, defendants' motion to dismiss the First Cause of Action must be denied.

Meanwhile, the decisional authority upon which defendants purport to rely in support of dismissal of Plaintiffs' First Cause of Action is completely inapposite. Defendants largely cite to criminal cases, in which the allegations of the CSA's unconstitutionality are not only *not* deemed true, but further, are presumed to be false.  Thus, defendants' citations to criminal cases for the proposition that the CSA is constitutional do not apply.  The handful of civil cases to which defendants refer are generally outdated and were decided years (in many instances, decades) before America experienced substantial, seismic changes in the scientific and legal landscape as it pertains to Cannabis.  In any event, given that this case is an "as applied" challenge, prior determinations on the issue of the CSA's constitutionality, made with respect to different litigants, carry limited weight.

---

[6] https://patentscope.wipo.int/search/en/detail.jsf?docId=WO1999053917&redirectedID=true.

It is well-established that the doctrine of *stare decisis* does not apply when the circumstances underlying the cited court's decision have substantially changed, particularly with respect to "as-applied challenges" in which the litigants are not similarly situated (Point II).

*Third*, defendants' argument that the Second Cause of Action (denial of equal protection) interposed by Plaintiff Cannabis Cultural Association ("CCA") fails to state a cause of action is predicated upon the notion that, if the executive branch of government ushers through Congress, legislation that is designed to discriminate against African Americans and other persons of color, it may nonetheless pass muster under the rigors of the Fifth and Fourteenth Amendments, as long as Congress can offer a non-discriminatory pretext therefor. The predicate for defendants' argument is that it matters only if *Congress* acts with racial animus – that if a President ushers through Congress, legislation designed to oppress political and racial minorities, there is no constitutional violation. As shown below, defendants' argument fails to recognize the role of the Executive Branch in the modern-day Presidency and the Nixon Administration's substantial role in drafting and promoting the CSA. While the constitutional authority to pass laws is vested in the Legislative branch of government, no one can genuinely deny the role of the President in the process of law making; nor can they deny the role of President Nixon in the law-making process of the CSA. And, in this instance, Plaintiffs have alleged, based upon evidence from key members of the Nixon Administration who were present at the time, that the sole reasons for classifying Cannabis a Schedule I drug were to oppress African Americans and deny them and other Americans the opportunity to protest the Vietnam War (AC ¶263).[7] Because these allegations, having been

---

[7]In view of the Affidavit of Roger Stone (Dkt. No. 26), and the allegations of the Amended Complaint identifying who was responsible for ushering the CSA through Congress on behalf of the Nixon Administration and approximately when, defendants' reference to the Second Cause of Action as having been couched in conclusory assertions is utterly frivolous. This point will be addressed briefly in the Statement of Facts and in Point III, *infra*.

supported by members of the Nixon Administration, must be assumed true, defendants are thus resigned to arguing that, even if these allegations are true (and they are), such would not constitute a constitutional violation. If defendants were correct (and they are not), the Equal Protection Clause would be a dead letter (Point III).[8]

*Fourth*, defendants contend that Plaintiffs' Sixth Cause of Action should be dismissed because, according to opposing counsel, Plaintiffs have suffered no First Amendment violation. In this connection, defendants also devote six pages to arguing that there is no constitutional right to treat with medical Cannabis (Moving Br. 22-27) – a claim Plaintiffs do not make. As demonstrated below, defendants have fundamentally misapprehended Plaintiffs' Sixth Cause of Action. By the Sixth Cause of Action, Plaintiffs contend that the Federal Government, through its threatened enforcement of the CSA, unconstitutionally imposes upon them a Hobson's Choice; they must relinquish either their First Amendment rights to free speech and free expression on the one hand, or their fundamental rights to personal autonomy and to preserve their health and lives on the other. As to the First Amendment, defendants argue that free speech is not implicated by Plaintiffs' claim because: (i) the CSA does not regulate expression on its face; (ii) the right to in-person advocacy supposedly does not exist; and (iii) the Petition Clause does not extend to the activities in which Plaintiffs wish to engage. Apparently, defendants require a primer on the First Amendment. But before providing an overview of this point, we emphasize that this claim, arising under the First Amendment, is governed by strict scrutiny, not rational-relation review.

As further demonstrated below, merely because the CSA does not regulate expression on its face does not suggest *ipso facto* that there is no constitutional violation. If that were the case, "as applied" challenges would not exist. If, for example, Congress were to pass a law restricting people

---

[8]We further demonstrate below that the CCA has standing to prosecute this claim.

8

from entering the Capitol mall while wearing a head-covering, the statute might seem facially neutral, but it would also succeed in preventing those whose religious practices require them to wear Yarmulkes and Hijabs from marching on Washington.   Defendants' suggestion that such "as applied" challenges automatically lack merit reflects defendants' fundamental misapprehension of constitutional jurisprudence.

Moreover, defendants' argument that Plaintiffs have the opportunity to engage in remote advocacy by telephone and satellite link mistakenly presupposes that in-person advocacy is not protected under the Free Speech Clause.  As shown below, defendants, who studiously avoid the decisional authority we cited on the Order to Show Cause for a TRO, are just wrong on the law.  And lastly with respect to the First Amendment claims, defendants mis-characterize Plaintiffs' Petition Clause claims.

Anticipating the weakness of their arguments on this point, defendants argue alternatively that, even if remote speech were not a substitute for the exercise of in-person advocacy (and it isn't), there is no reason why Alexis, Jose and Jagger cannot simply travel without their medical Cannabis to the Capitol to meet with members of Congress.  Such an argument, however, requires a dedicated disregard of the allegations of the Amended Complaint, in which Alexis, Jose and Jagger allege that they need their medical Cannabis to live (Point IV).

*Fifth*, defendants argue that Plaintiffs' Third Cause of Action should be dismissed because, according to opposing counsel, the CSA does not impair Plaintiffs' right to travel.  In this regard, defendants contend that the right to travel is not implicated by the CSA because: (i) making travel less attractive does not rise to the level of a constitutional violation; and (ii) the CSA merely imposes a requirement that people not travel with illegal substances.  The predicate for defendants' arguments is the notion that treatment with medical Cannabis is optional; it isn't – at least not for three of the

Plaintiffs and millions of other Americans.   As reflected in the allegations of the Amended Complaint, which we emphasize, must be assumed true, Alexis, Jagger Cotte ("Jagger") and Jose Belen ("Jose") will die without their medical Cannabis, a genuine medical treatment for their conditions.  Thus, a law that proscribes Plaintiffs from carrying their medication does not merely render travel less attractive for them; it makes travel impossible.  The CSA forces upon Plaintiffs the choice of relinquishing their right to travel or their fundamental rights to preserve their health and lives.  It is well established that the Federal Government cannot require people to relinquish one right in order to exercise another.  Because this is precisely what the CSA accomplishes, as applied to Plaintiffs, it is unconstitutional (Point V).

*Sixth*, as to Plaintiffs' claims under the Commerce Clause (Fourth Cause of Action), opposing counsel is generally correct that the Supreme Court in *Gonzalez v. Raich* ruled that Congress has the power to regulate purely intra-state possession and use of Cannabis.  *See* 545 U.S. 1 (2005).  However, the *Raich* decision was issued before the Federal Government effectively ceded its responsibility to regulate Cannabis to the States.  As demonstrated below, at the time *Raich* was argued and decided, 10 States had legalized medical Cannabis; today, three times as many States have done so, including eight that have granted legalization for all purposes (not merely medical purposes).  Today, nearly two in three Americans live in a jurisdiction in which Cannabis is legal for some purpose.  And, since 2005, when *Raich* was decided, the Federal Government has essentially granted permission, and in many instances, *underlined*underlined*encouraged* those in State-legal Cannabis jurisdictions, to engage in business, research, development, cultivation, extraction, marketing, distribution, sale and use of Cannabis for an assortment of purposes – all, provided that such activities are consistent with State law (*see, e.g.,* Cole and Ogden Memoranda issued by the DOJ, Exs. 7 and 8, and the FinCEN Guidance, issued by the Department of Treasury, Ex. 9).  Under such

circumstances, the suggestion that the Federal Government still has authority under the Commerce

Clause to enact and enforce restrictions against, and prosecute those involved in, the cultivation, sale

and use of Cannabis makes as much sense as a police officer who waives drivers through a red light

with a warning that there is a distinct possibility that, upon crossing the intersection, they may be

stopped and given a ticket.  Simply put – the Federal Government cannot simultaneously exalt its

power under the Commerce Clause to enact and enforce the CSA, while allowing and encouraging

people to rely upon State law to regulate their activities.  Congress can no longer legitimately argue

that the CSA is constitutional as having been enacted under its commerce power which the Federal

Government has effectively acknowledged the States are free to ignore (Point VI).

   *Seventh*, defendants argue that Plaintiff's Fifth Cause of Action (denial of procedural and

substantive due process) fails to state a claim because the CSA includes a re-scheduling procedure.

However, defendants ignore that Plaintiffs allege in the Amended Complaint that the re-scheduling

procedure is a rigged process that deprives claimants of the opportunity to obtain the "approved-of"

research necessary to obtain rescheduling – a fact which the Court is required to accept as true.

   Defendants then argue (also in reference to the Fifth Cause of Action) that the Court lacks

subject matter jurisdiction because Plaintiffs supposedly did not exhaust their administrative

remedies – specifically, the petitioning process.  In purported support of this argument, defendants

falsely profess to rely upon the allegations of the Amended Complaint (¶¶450-60), completely

ignoring the predicate allegations for the claim, which appear at ¶¶354 to 370 and comprise six pages

of the Amended Complaint, including a table listing every rescheduling petition ever filed (AC pp.

71-77).  As demonstrated below, the allegations and pages of the Amended Complaint which

defendants ignore, anticipate and repudiate the very argument defendants attempt to make.

Specifically, the allegations, which *again* must be assumed true, support the conclusion that the