# HILLER, PC

*Attorneys at Law*
600 Madison Avenue
New York, New York 10022
(212) 319-4000

Email: mhiller@hillerpc.com                                                                 Facsimile: (212) 753-4530
www.hillerpc.com

February 20, 2018

***Via ECF and Facsimile***: *(212) 805-7942*
Hon. Alvin K. Hellerstein
United States District Courthouse
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

Re:  *Washington, et. al. v. Sessions, et. al., 17-cv-05625 (AKH)*

Dear Judge Hellerstein:

As Your Honor is aware, we are *pro bono* counsel for plaintiffs in the above-referenced case. We write to request reconsideration of the Court's ruling made during last Wednesday's hearing, denying our request for leave to submit a post-hearing brief of six pages or less. As reflected below, post-hearing briefing would likely assist the Court in its deliberations in connection with an issue that Your Honor raised pertaining to the pending motion to dismiss.

In particular, the Court, during argument last Wednesday, appeared to focus on defendants' administrative exhaustion defense as a potential basis for dismissal. However, defendants acknowledged in their moving brief that the only Second Circuit decision to address the government's administrative exhaustion defense in the context of the Controlled Substances Act ("CSA") firmly rejected it. *See* Defendants' Br. at 49 (*citing U.S. v. Kiffer*, 477 F.2d 349, 350-352 (2d Cir. 1973)). For the reasons that follow, the Court should not (and respectfully, cannot, consistent with the Constitution) deviate from *Kiffer* and dismiss this action based upon the administrative exhaustion doctrine.

*First*, as reflected above, the Second Circuit has rejected defendants' argument. While we acknowledge that we, too, are asking the Court to depart from *Kiffer* (with respect to other issues), we provided a reasoned and recognized legal basis for doing so – an as-applied constitutional challenge, based upon new facts and evidence, framing different claims on a different record. As demonstrated in our opposition brief, such a showing empowers the Court to depart from prior precedent (Plaintiffs' Br. 37-41). By contrast, defendants have made no such showing in the context of administrative exhaustion. Instead, they strangely appear to rely upon the District Court's decision in *United States v. Green*, 222 F. Supp. 3d 267, 273-74 (W.D.N.Y. 2016) in which the court, citing *Kiffer*, *also* rejected the government's administrative exhaustion argument. *Id*. The Court in *Green* also proceeded to observe that, <u>in addition to the cases in the Second Circuit</u>, "cases from other jurisdictions have allowed for the type of [constitutional] challenge raised" therein,

Hon. Alvin K. Hellerstein
February 20, 2018
page 2

notwithstanding the supposed availability of an administrative remedy.   *Id.*[1]   In contrast to the decisions reciting rejection of the government's administrative exhaustion defense, the Court in *Green* was apparently unable to cite a single case that supported it.  And that is precisely the point. No Second Circuit Court (either at the Appellate or District Court level) has ever adopted the administrative exhaustion argument defendants herein urge Your Honor to accept.  In the absence of authority to the contrary or a showing that the petitioning process in the years since *Kiffer* was decided has suddenly become efficacious in the disposition of rescheduling applications (and it hasn't), it is respectfully submitted that it would constitute an error of law to accept defendants' exhaustion argument.[2]

*Second*, it is irrelevant that, when *Kiffer* was decided, there may have been some doubt as to the existence of an administrative review process whereas, today, the administrative procedure is recognized to exist. *Green*, 222 F. Supp. 3d at 274.  In addition to the fact that the administrative review process has become even more of a sham than at the time when *Kiffer* was decided (discussed *infra*), that distinction was implicitly rejected in *Green* and expressly rejected in *U.S. v. Pickard*, 100 F. Supp. 3d 981, 996 (E.D. Ca. 2015).  In *Pickard*, the Court ruled that the CSA is not "insulated from constitutional review by Congressional delegation of authority to an agency to consider an administrative petition." *Id.* (*citing United States v. Emerson*, 846 F.2d 541, 544 (9th Cir.1988) ("Construing a statute to preclude constitutional review would 'raise serious questions concerning

---

[1]The other cases to which the Court in *Green* was referring when identifying the instances in which the government's exhaustion argument was also rejected, were: *United States v. Pickard*, 100 F. Supp. 3d 981, 994-98 (E.D. Cal. 2015), *United States v. Inzer*, No. 8:14-cr-437-T-30EAJ, 2015 U.S. Dist. LEXIS 67820, 2015 WL 3404672, at *2 (M.D. Fl. May 26, 2015) and *United States v. Heying*, No. 14-CR-30 (JRT/SER), 2014 U.S. Dist. LEXIS 147499, 2014 WL 5286153, at *2 (D. Minn. Aug. 15, 2014) -- all of which defendants herein cited as authoritative in their legal briefs on this motion.  Thus, defendants have relied upon an astounding *five* decisions, including binding Second Circuit precedent, which squarely rejected the argument they advanced last Wednesday.

[2]We recognize that the Court herein expressed some reluctance to follow *Kiffer* due to its status as a criminal case.  However, the language of *Kiffer* does not permit such a distinction.  The Court in *Kiffer* stated clearly that the CSA may be subjected to constitutional challenge, notwithstanding the availability of the petitioning process, because:

> it appears [] that the administrative route for these appellants would at best
> provide an uncertain and indefinitely delayed remedy.

*Kiffer*, 477 F.2d at 353. Although mentioned thereafter that *Kiffer* was a criminal case, that reference is clearly *dicta* and thus not binding on this Court. *Ohio v. Clark*, 135 S. Ct. 2173, 2184 (2015) ("*Dicta* on legal points, however, can do harm, because, though they are not binding they can mislead"); *IBEW, AFL-CIO, Local Union No. 3 v. Charter Communs., Inc.*, 2017 U.S. Dist. LEXIS 157653, at *13 (E.D.N.Y. Sep. 25, 2017) (" *dicta* [is] not binding").

Hon. Alvin K. Hellerstein
February 20, 2018
page 3

[its] constitutionality,' and therefore, whenever possible, statutes should be interpreted as permitting such review") (*quoting Johnson v. Robison*, 415 U.S. 361, 366–67 (1974)). Indeed, adopting the notion that it would be legally permissible to deprive patients of their constitutional rights while the DEA engages in a lengthy and futile administrative review process would be antithetical to the principles underlying our Constitution. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977) ("[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions" in light of the "well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed") (internal quotations omitted); *Mathews v. Diaz*, 426 U.S. 67, 76 (1976) ("[T]he only issue before the District Court was the constitutionality of the statute ... this constitutional question is beyond the [agency's] competence"); *Wolff v. Selective Service Local Bd. No. 16*, 372 F.2d 817, 825 n. 4 (2d Cir. 1967) ("[T]he judiciary must be prepared to intervene in areas normally left to the other branches of government, when [a constitutional right such as] the free exercise of First Amendment guarantees is jeopardized"); *Jackson v. Congress of U.S.*, 558 F. Supp. 1288, 1290-91 (S.D.N.Y. 1983) ("If [petitioner] were contesting the [agency's] finding of fact or its interpretation of [the act at issue], the [agency's] final decision would be not only required, but preclusive. However, [petitioner] is contesting the constitutionality of an act of Congress, an issue not within the authority of the [agency] to decide ...Therefore, exhaustion of petitioner's remedies could have no bearing upon the outcome of this case"); *Marte v. I.N.S.*, 562 F. Supp. 92, 94 (S.D.N.Y. 1983) ("Because the INS, like all administrative agencies, does not have the authority to review the constitutionality of the legislation it applies ... it would clearly be futile for [petitioner] to exhaust her administrative remedies").

Furthermore, if anything, the circumstances pertaining to those aggrieved by the CSA have _worsened_ since *Kiffer* was decided, since we now know that, as discussed *infra*, the administrative review process is protracted, expensive and ultimately futile. The Courts in *Pickard* and *Green* -- the only federal courts to have cited *Kiffer* on the issue of exhaustion -- were fully aware of the existence of the administrative review procedure set forth in the CSA, and both rejected the exhaustion argument offered by defendants herein. Plaintiffs are entitled to the same result here.[3]

---

[3]Opposing counsel suggests in his moving brief that the following non-Second Circuit decisions support dismissal based upon administrative exhaustion; but defendants are wrong. In *U.S. v. Burton*, 894 F.2d 188 (6th Cir. 2000), defendants' first cited case on this issue, administrative exhaustion and the petitioning process weren't addressed at all. In another two cases, *pro se* plaintiffs therein sought to _reschedule_ Cannabis (*Thomas v. Trump*, 2017 U.S. Dist. LEXIS 22278 (W.D.N.C. Feb. 16, 2017) and *Krumm v. Holder*, 2009 U.S. Dist. LEXIS 52748 (W.D.N.M. May 27, 2009)) -- relief plaintiffs herein do not seek; instead, they seek a declaration that the classification of Cannabis is unconstitutional – a remedy which neither the Attorney General nor the DEA can legally grant. In *Alternative Cmty. Health Care Coop., Inc. v. Holder*, 2012 U.S. Dist. LEXIS 28878 (S.D. Ca. Mar. 5, 2012), also cited by defendants, the plaintiffs therein interposed a hodgepodge of claims, most of which were abandoned, and eventually asked the court for leave to amend to add an equal protection claim that would have included a request for reclassification -- again, a request not made here. And, in *Olsen v. Holder*, 610 F. Supp. 2d 985 (S.D. Iowa 2009), the court therein _did_ address administrative exhaustion, but only because the plaintiff therein had previously filed a petition to reschedule Cannabis. The court in *Olsen* ultimately

Hon. Alvin K. Hellerstein
February 20, 2018
page 4

*Third*, as amply pled (and demonstrated) in the Amended Complaint, the administrative petitioning process regarding the re-scheduling of drugs under the CSA is a sham (Am. Compl. ¶¶354-70, 400). It's not only that defendants, as modern-day flat-Earthers, continue to insist that Cannabis remain a Schedule I drug in the face of incontrovertible evidence of its medical benefits; it's also that the administrative review process consumes an average of nine (9) years to complete. Indeed, a common response to such a rescheduling petition is to ignore it until the filing of a writ of *mandamus* or other legal proceeding, in response to which, the petitions have been uniformly denied.

It is beyond cavil that plausible allegations of administrative futility must be accepted as true on a motion to dismiss. *See MB v. Islip School Dist.*, 2015 WL 3756875, at *8 (E.D.N.Y. June 16, 2015) ("Based upon the allegations in the [Amended Complaint], which are accepted as true for purposes of this motion, administrative remedies were not available to plaintiffs ... and therefore could not be required to exhaust their administrative remedies") (citation omitted); *Keitt v. New York City*, 882 F. Supp. 2d 412, 436 (S.D.N.Y. 2011) (accord). Here, plaintiffs have made plausible allegations that the petitioning process constitutes an expensive waste of time, and thus is futile, insofar as:

> (i) the current DEA and Attorney General are biased against Cannabis and will *never* fairly consider the evidence confirming the medical utility and harmlessness of the drug (Am. Compl. ¶¶362-64, 366-69, 400);
>
> (ii) the average 9-year delay in considering (*i.e.*, rejecting) petitions to reschedule Cannabis renders the administrative review process unduly prejudicial to plaintiffs, three of whom would almost certainly die before receiving the DEA's inevitable decision to reject their applications (*Id.* ¶¶357-58); and
>
> (iii) even if the DEA were to re-schedule Cannabis, it would not, as the Court made clear during the hearing, afford plaintiffs the relief they seek (a declaration that the scheduling of Cannabis at all violates the Constitution), especially given that, upon rescheduling to another classification, they could *still* be prosecuted under the CSA for taking the medication they need to survive (*Id.* ¶¶370, 400).

*As reflected in Plaintiffs' Opposition Brief, the above-referenced presumed-true allegations easily meet the requirements for administrative futility, and thus require that defendants' exhaustion argument be rejected. See* Plaintiffs' Br. at 104-108 and the dozens of cases cited therein. At worst from plaintiffs' perspective, the issue of futility constitutes a disputed fact that should be subjected to a trial. *See Marosan v. Trocaire College*, 2015 WL 1461665, at *26 (W.D.N.Y. Feb. 5, 2015) (holding that because plaintiffs adequately alleged in their complaint that administrative exhaustion

---

concluded that, given the plaintiff's re-scheduling petition therein, the D.C. Circuit was the proper court to consider his claims – circumstances which, again, do not bear similarity to the case at bar. Thus, the case law cited by defendants, in their effort to cajole this Court into overruling Second Circuit authority in the absence of a record that could justify it, simply does not apply.

Hon. Alvin K. Hellerstein
February 20, 2018
page 5

would be futile, "[d]efendants may pursue the issue [of administrative exhaustion] as a question of fact subject to discovery, summary judgment and, ultimately, at trial"). To accept, without any discovery or fact finding, defendants' argument that the rescheduling procedure provides an adequate post-deprivation remedy of constitutional rights, without regard to the detailed allegations and evidence that invocation of that remedy is utterly futile, would constitute clear error of law.

*Lastly*, in the absence of a previously-filed rescheduling petition filed by the plaintiffs, courts have *consistently* rejected the government's current administrative exhaustion argument in the context of constitutional challenges to the CSA. *See, e.g., Monson v. Drug Enforcement Admin.*, 589 F. 3d 952, 959 (8th Cir. 2009) (where plaintiffs challenged the DEA's regulation of industrial hemp under the Commerce Clause, the court held that administrative exhaustion under the CSA would be futile where the federal government made clear, as defendants Sessions and the DEA have done so here, that its position on such regulation would not change); *Green*, 222 F. Supp. 3d at 274 (rejecting the government's exhaustion argument on the ground that a party "may challenge the scheduling of marijuana through a constitutional attack brought in district court"); *see also Kiffer*, 477 F.2d at 351-52; *accord Pickard*, 100 F. Supp. 3d at 996. Thus, in addition to being an outlier in the Second Circuit, a decision adopting the government's position here would represent a substantial departure from the national consensus that the availability of administrative review for the rescheduling of Cannabis does not insulate the CSA from constitutional challenge. *Indeed, until at least 2008, it was the federal government's position that "the CSA does not require exhaustion of administrative remedies."* *Church of the Holy Light of the Queen v. Mukasey*, 2008 U.S. Dist. LEXIS 102990, at *8-9 (D. Or. Dec. 19, 2008) (motion to dismiss, denied).[4] Furthermore, independent of the foregoing, the notion that the requisites of due process over the claimed denial of protected liberty interests could somehow be satisfied by the supposed availability of a post-deprivation remedy that consumes an average of nine (9) years to complete, overseen by a biased decision-maker who has pre-determined to reject the evidence before it has even been presented (Am. Compl. ¶¶357-58, 362-64, 366-69, 400), respectfully, makes no sense.

And one final note – the people and organization we represent cannot afford to lose this case on the basis of administrative exhaustion. To require them to file petitions with the DEA – petitions which *everyone* (including defendants) knows would be delayed for approximately a decade before being denied -- would resign them to a fate far worse than a loss on the merits; it would leave them in a state of constitutional suspended animation, in which they would continue to suffer the loss of their civil and human rights without the opportunity to contest the government's actions on the merits. And therein lies the ultimate cruelty – the plaintiffs herein who need their medication to live would be forced to experience the constant apprehension that the medication that keeps them alive may be taken away from them, while at the same time, being forever deprived of their day in court for a trial on the merits. In short -- plaintiffs herein, and millions of others around the country who

---

[4]This decision, *Church of the Holy Light*, may be wrongfully identified on Westlaw or Lexis as having been reversed, but it was not. Following the court's denial of dismissal, the court therein ruled in favor of the *plaintiffs*; however, the declaratory judgment and injunction entered by the District Court were subsequently narrowed on appeal (443 Fed. App'x. 302 (9th Cir. 2011)), but left undisturbed the government's position on administrative exhaustion therein, which is contrary to its position here.

Hon. Alvin K. Hellerstein
February 20, 2018
page 6

treat with Cannabis to survive can no longer afford mere "moral victories." They need a trial. And the country needs one too. As this Court so presciently observed on September 7, 2017, when discussing its ruling that the trial of the main case herein would coincide with the evidentiary hearing on a preliminary injunction:

> There must be a full record and the parties will have to attend to it. I have told the parties informally and I repeat it now that I will give a hearing to them whenever they are ready (Sept. 8, 2017 Transcript at p. 54, lines 17-20).

Your Honor, plaintiffs are ready. For the above reasons, we respectfully request that the Court afford the parties the opportunity to submit supplemental briefs.

Respectfully submitted,

Michael S. Hiller (MH 9871)

c:      Samuel Dolinger, Esq.
        Joseph Bondy, Esq.
        David Holland, Esq.